# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL SHINE,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **VS.** ) | |
| ) | |
| **UNIVERSITY OF ALABAMA** ) | |
| **BIRMINGHAM, and Kathy** ) | |
| **Litzinger, in her Individual Capacity,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT

### I.   INTRODUCTION

1. This action is brought to redress race discrimination and retaliation for reporting and opposing discrimination pursuant to Title VII of the Civil Rights Act of 19643, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution [Equal Protection Clause] of the United States.  This civil action seeks damages for Defendants' actions and omissions, under color of law, which, because of Plaintiff's race operated to deprive Plaintiff of rights secured to him under the Constitution and laws of the United States.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1332, 1343(3) and (4), 1367, 1658, 2201, and 2202.

1

2. The discriminatory employment actions complained of herein were committed within the State of Alabama.

## II. ADMINISTRATIVE EXHAUSTION

3. Plaintiff, Michael Shine (hereinafter "Mr. Shine) filed a Charge of Discrimination on or about May 22, 2018, with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, University of Alabama-Birmingham (hereinafter "Defendant"), within 180 days of the occurrence of the last discriminatory act.

4. On September 26, 2018, the EEOC issued Mr. Shine a "Dismissal and Notice of Right to Sue".  Mr. Shine is filing this lawsuit less than ninety (90) days after receiving his Notice of Right to Sue.  Mr. Shine timely filed this action within the four-year statute of limitations set forth for racial discrimination claims brought under 42 U.S.C. § 1983 [*Baker v. Birmingham Bd. of Educ.,* 531 F. 3d 1336 (11th Cir. 2008)].

## III. PARTIES

5. Plaintiff, Michael Shine, is a citizen of the United States over the age of 19, and a resident of the State of Alabama.

6. Defendant, University of Alabama-Birmingham, is an entity subject to suit under Title VII, 42 U.S.C. § 1983, and the Fourteenth Amendment.  Defendant was Mr. Shine's employer for the purpose of "Title VII of the Civil Rights of 1964", 42

U.S.C. § 1983, and the Fourteenth Amendment.  Defendant employs more than fifteen (15) employees.

7. Defendant, Kathy Litzinger, is employed by the University of Alabama-Birmingham as the Executive Director of Operations and Human Resources.  By virtue of such position Ms. Litzinger is responsible for the management and administration in the IT Operations and Human Resources Department for the University of Alabama-Birmingham.

8. In committing the discriminatory employment practices alleged herein, Kathy Litzinger was acting under color of State Law for purposes of 42 U.S.C. § 1983.  Kathy Litzinger is being sued in her official capacity pursuant to § 1983 and the Fourteenth Amendment to the United States Constitution for prospective injunctive relief and in her individual capacity for all of the damages flowing from the discriminatory acts alleged herein.

## IV.   FACTS

9. Mr. Shine re-alleges and incorporates by reference paragraph 1-8 above with the same force and effect as if fully set out in specific detail herein below.

10. On or about January 9, 2017, Mr. Shine was hired as an IT Contracts Manager by the University of Alabama-Birmingham in Birmingham, Alabama.  Mr. Shine performed his duties and responsibilities in a satisfactory manner.

11. On or about March 2017, during a meeting Mr. Shine raised issues of unfair pay for African-Americans as opposed to similarly situated white employees. Mr. Shine was entitled to receive equal or greater pay than the similarly situated white employees because Mr. Shine possessed a Bachelor's Degree in Marketing, a Master's Degree in Strategic Management, and currently is a candidate for a PhD. in Strategic Management. Shortly after Mr. Shine complained, Mr. Shine began to suffer retaliation.

12. On or about May 15, 2018, Mr. Shine was placed on a sixty (60) day probation. On or about November 7, 2018, Mr. Shine was terminated by Kathy Litzinger. Defendant alleges Mr. Shine's termination was based on his failure to identify expiring agreements and ensuring timely renewals, which Mr. Shine denies.

13. Defendant's treatment of Mr. Shine was discriminatory based on his race [African-American] and in retaliation for his reporting and opposing discrimination in employment, which ultimately led to his termination.

V. **CAUSES OF ACTION**

### COUNT I
### RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. SECTION 1983

14. Mr. Shine re-alleges and incorporates by reference paragraphs 1 through 13 above with the same force and effect as fully set out in specific detail herein below.

15. Mr. Shine has been discriminated against on the basis of his race [African-American], and also retaliated against for addressing the issue of unfair pay between African-Americans and similarly situated white employees during his employment.

16. This claim is being brought against the Defendant, University of Alabama-Birmingham, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983. This treatment by the Defendant affected the terms, condition, and enjoyment of Mr. Shine's employment.

17. The motivating factor for Defendant's actions regarding Mr. Shine as alleged in Paragraphs 1 through 13, herein was intentional discrimination on the basis of race.

18. Mr. Shine has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

19. The unlawful intentional actions of the Defendant alleged herein, was undertaken with malice and in reckless disregard of the federally protected rights of the Mr. Shine.

20. Mr. Shine has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for declaratory judgment,

injunctive and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

## COUNT II

## RACE DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT (ASSERTED VIA 42 U.S.C. § 1983

21. Mr. Shine re-alleges and incorporates by reference paragraphs 1 through 20 above with the same force and effect as fully set out in specific detail herein below.

22. As set forth above, Mr. Shine was discriminated against on the basis of his race with respect to the terms, conditions, and privileges of his employment. Moreover, Mr. Shine was also retaliated against for reporting and opposing race discrimination in employment by Kathy Litzinger, who terminated him.

23. Furthermore, as a direct result of said race discrimination, and the defendants' failure to promptly and/or adequately investigate and/or remedy said discrimination, Mr. Shine was terminated.

26. The Defendants, as an employer of Mr. Shine, failed to adequately promulgate, disseminate, and enforce any anti-discrimination policies with regard to him and other employees of the Defendants.

27. The Defendants, as an employer of Mr. Shine, failed to take any prompt and effective remedial action reasonably calculated to result in the termination of the racial discrimination and retaliation of Mr. Shine.

28. By their actions, the Defendants have violated the proscriptions against and racial discrimination under the Equal Protection Clause of the Fourteenth Amendment.

29. Mr. Shine asserts his claim for violation of his right to equal protection of the laws through the vehicle of 42 U.S.C. § 1983.

30. Mr. Shine has suffered damages as a proximate result of these violations, which were caused by governmental policy or custom and/or a failure to adequately train caused by deliberate indifference to his rights and/or by deliberate indifference to those violations.

31. The unlawful conduct of the Defendants as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Mr. Shines' federally protected rights.

32. The Defendants' conduct as described above caused Mr. Shine emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

33. Mr. Shine has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory

and punitive damages and a declaratory judgment is his only means of securing adequate relief.

34.	Mr. Shine is suffering and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT III

### DISPARATE IMPACT DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35.	Mr. Shine re-alleges and incorporates by reference paragraphs 1 through 34 above with the same force and effect as fully set out in specific detail herein below.

36.	The criteria utilized by the Defendants in making selection decisions- to include compensation discriminate on the basis of race in violation of §703(k) of Title VII, 42 U.S.C. §2000e-2(k).

37.	The Defendants allow an overwhelmingly Caucasian group of selectors to use a "hazy" selection process for its employment decisions. These processes disparately impacted African-American employees because they allow subjectivity and favoritism to influence employment decisions.

38. Because of this, the decision-makers are free to exercise their discretion in an unguided, subjective manner that provides a ready mechanism for Caucasians to vent discriminatory feelings upon African-American employees.

39. The Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

40. As a direct result of the Defendants' discriminatory policies and/or practices as described above, Mr. Shine has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays this Court assume jurisdiction of this action and after Trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendant violated his rights as secured by Title VII, 42 U.S.C. § 1983 and the Fourteenth Amendment;

2. Grant a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII, 42 U.S.C. § 1983 and the Fourteenth Amendment;

3. Require the Defendant to make the Plaintiff whole by awarding him back pay and benefits (plus interest), reinstatement with fully restored seniority (or front

pay in lieu thereof), compensatory and punitive damages (or nominal damages in lieu thereof); and

    4.  Award such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, reasonable attorney's fees and expenses.

                                      Respectfully Submitted,

                                      ***/s/Roderick T. Cooks***
                                      Roderick T. Cooks
                                      Lee D. Winston
                                      Charity Maria Davis
                                      Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20TH Street North
Suite 815
Birmingham, AL 35203
Telephone:  (205) 502-0970
Fax:  (205) 278-5876
Email:  rcooks@winstoncooks.com

LAW OFFICE OF GILCHRIST DAVIS, LLC
505 20TH Street North
Suite 815
Birmingham, AL 35203
Telephone:  (205) 581-8812
Fax:  (205) 581-8815
Email:  charity@gilchristdavis.com

**DEFENDANTS' ADDRESS**
The University of Alabama at Birmingham
1720 2nd Ave South
Birmingham, AL 35294

## JURY TRIAL DEMANDED