Case 2:18-cv-02093-CLM   Document 96-1   Filed 03/01/23   Page 1 of 9
USCA11 Case: 22-10333   Document: 31-1   Date Filed: 01/30/2023   Page: 1 of 9

FILED
2023 Mar-01 AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10333

Non-Argument Calendar

_____

MICHAEL SHINE,

                        Plaintiff-Appellant,

versus

UNIVERSITY OF ALABAMA - BIRMINGHAM,

                        Defendant-Appellee,

KATHY LITZINGER,

                        Defendant.

_____

Case 2:18-cv-02093-CLM   Document 96-1   Filed 03/01/23   Page 2 of 9
USCA11 Case: 22-10333   Document: 31-1   Date Filed: 01/30/2023   Page: 2 of 9

2                         Opinion of the Court                    22-10333

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:18-cv-02093-CLM

_____

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Shine, Tony Ellis, and Lewis Thomas, African-American males, appeal from the district court's grant of summary judgment in favor of their employer, the University of Alabama Birmingham (UAB), on their clams of race-based disparate treatment, disparate impact, and hostile work environment under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2 et seq. They argue that the district court erred by not reviewing their disparate treatment claims "holistically" when applying the *McDonnell Douglas*[1] framework, and by giving "short shrift" to the convincing mosaic framework. They also argue that the district court erred by ignoring evidence showing that UAB's reclassification practice had a disparate impact on African-American employees. Finally, they argue that the district court erred by crediting UAB's corrective action efforts over Ellis' testimony, and that they established there was a hostile work environment based on an employee showing Ellis a gun at work.

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Case 2:18-cv-02093-CLM   Document 96-1   Filed 03/01/23   Page 3 of 9
USCA11 Case: 22-10333   Document: 31-1   Date Filed: 01/30/2023   Page: 3 of 9

22-10333                Opinion of the Court                3

I.

We review *de novo* a district court's order granting summary judgment, drawing all reasonable inferences in the light most favorable to the nonmoving party. *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018). Summary judgment may be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bowen*, 882 F.3d at 1362 (quotation marks omitted).

An issue not raised on appeal will be deemed abandoned and will only be addressed in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (*en banc*) (addressing abandonment in a criminal matter), *cert. denied*, 143 S. Ct. 95 (2022) (Mem.). Further, "[t]o obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

A plaintiff can defeat a summary judgment motion on a Title VII disparate treatment claim by satisfying the elements of the

Case 2:18-cv-02093-CLM   Document 96-1   Filed 03/01/23   Page 4 of 9
USCA11 Case: 22-10333   Document: 31-1   Date Filed: 01/30/2023   Page: 4 of 9

4                          Opinion of the Court                    22-10333

*McDonnel Douglas* framework or by presenting a "convincing mosaic" of circumstantial evidence that "raises a reasonable inference that the employer discriminated against [him]." S*mith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of intentional discrimination, and if successful, the burden shifts to the employer to rebut the presumption of discrimination by proffering a legitimate, non-discriminatory reason for its employment decision against the plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employer does so, the burden shifts back to the plaintiff to show that the employer's stated reason was in fact pretext. *Id.* at 804.

To establish a *prima facie* case of intentional discrimination in compensation, a plaintiff must establish that (1) he "belongs to a racial minority;" (2) he received low wages; (3) "similarly situated comparators outside the protected class received higher compensation;" and (4) he "was qualified to receive the higher wage." *Cooper v. S. Co.*, 390 F.3d 695, 734–35 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58 (2006). The plaintiff must establish that he and any comparator that he provides are "similarly situated in all material respects." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1226 (11th Cir. 2019) (*en banc*). Determining whether a comparator is similarly situated in all material respects requires a case-by-case analysis based on the context of the individual circumstances. *Id.* at 1227. "[A] plaintiff and [his] comparators must be sufficiently similar, in

an objective sense, that they cannot reasonably be distinguished." *Id.* at 1228 (quotation marks omitted). Thus, ordinarily a similarly situated comparator: (1) "will have engaged in the same basic conduct (or misconduct) as the plaintiff"; (2) "will have been subject to the same employment policy, guideline, or rule as the plaintiff;" (3) will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff"; and (4) "will share the plaintiff's employment or disciplinary history." *Id.* at 1227–28.

To establish a *prima facie* case for a failure-to-promote claim, a plaintiff must show that (1) he is a member of a protected class; (2) he "was qualified for and applied for a position that the employer was seeking to fill;" (3) he was rejected despite his qualifications; and (4) the employer hired another individual who was not a member of the protected class. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005) (per curiam). A non-applicant may also establish a *prima facie* case if he shows that he had a justifiable belief that applying was futile by demonstrating "(1) that []he had a real and present interest in the job for which the employer was seeking applications; and (2) that []he would have applied for the job but effectively was deterred from doing so by the employer's discriminatory practices." *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002) (per curiam).

Alternatively, a plaintiff can establish a convincing mosaic by pointing to evidence that demonstrates (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred; (2) "systematically better treatment

Case 2:18-cv-02093-CLM Document 96-1 Filed 03/01/23 Page 6 of 9
USCA11 Case: 22-10333 Document: 31-1 Date Filed: 01/30/2023 Page: 6 of 9

6　　　　　　　　　　Opinion of the Court　　　　　　　　　22-10333

of similarly situated employees;" and (3) pretext. *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019) (on remand to panel following hearing *en banc*).

　　As an initial matter, because the plaintiffs failed to brief the issues, they have abandoned any challenge on appeal to the dismissal of their 42 U.S.C. § 1981 claims, Shine's claims regarding termination and disciplinary actions, Ellis' claims regarding training opportunities, Thomas' claims regarding pay or performance reviews, and any claims of retaliation. Thomas also has abandoned any challenge to the district court's finding that all but one of the factual bases for his disparate-treatment-in-promotion claim were time-barred. Accordingly, we do not address these claims.

## II.

　　Turning to the disparate treatment claims, the district court did not err in granting summary judgment on the plaintiffs' race-based disparate treatment claims because it was not required to review them "holistically" as the plaintiffs contend. The district court applied the proper legal frameworks, and each plaintiff failed to establish either a *prima facie* case or a convincing mosaic of circumstantial evidence for their claims. Specifically, Shine did not provide a proper comparator who worked in a similar role; Ellis did not name a position for which he was qualified, applied, and from which he was rejected; and Thomas named a position for which he was qualified and applied, but UAB never gave anyone else the position. Further, none of the plaintiffs otherwise provided

Case 2:18-cv-02093-CLM   Document 96-1   Filed 03/01/23   Page 7 of 9
USCA11 Case: 22-10333   Document: 31-1   Date Filed: 01/30/2023   Page: 7 of 9

22-10333               Opinion of the Court                    7

sufficient evidence from which discriminatory intent may be inferred under a convincing mosaic theory. We therefore affirm.

III.

Next, we turn to the disparate impact claims. It is improper to assert, in a brief opposing summary judgment, a new theory of liability based on unpled factual predicates in support of an already pled claim. *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017). Further, "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

Here, the district court concluded that the plaintiffs had abandoned their disparate impact claims by impermissibly raising a new theory at summary judgment, and the plaintiffs do not challenge that finding on appeal. Accordingly, we may affirm on that basis and need not reach the merits of their disparate impact claims.

IV.

Finally, we turn to the Title VII harassment (or hostile work environment) claim. A hostile work environment can be established by showing that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quotation marks omitted). The alleged behavior must result "in both an environment that a reasonable person would find hostile or abusive and an

environment that the victim subjectively perceive[s] . . . to be abusive." *Id.* at 1276 (quotation marks omitted, alterations in original). In evaluating the objective severity of the harassment, we look at the totality of the circumstances and consider, *inter alia*, "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.* Isolated or sporadic incidents of harassment are not objectively severe or pervasive enough to alter the terms or conditions of employment. *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008).

As an initial matter, the plaintiffs have not sufficiently challenged the district court's ruling that they abandoned all factual bases of their hostile work environment claim except one incident involving a gun. Accordingly, we can only consider this gun incident on appeal.

The gun incident, according to Ellis' testimony, occurred between 2015 and 2017 when a white employee pulled up his shirt to reveal a loaded handgun in Ellis' presence. The employee did not point the handgun at Ellis, and Ellis could not recall what the employee said at that time. This single incident, Ellis argues on appeal, is sufficiently severe to survive summary judgment.

While we agree with Ellis that the presence of a weapon—particularly a gun—weighs heavily on the severity factor, a single incident absent any allegation of threat, interference with job performance, or repetition is not enough to meet the criteria of

22-10333               Opinion of the Court                9

objective severity. Absent additional factual allegations, we find the district court did not err in granting summary judgment on Ellis' harassment claim. We therefore affirm as to this issue.

**AFFIRMED.**